

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00070-CV
_____

ANDREW WALKER, JR., Appellant

V.

WANDA DANIELS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF CARLES B. DANIELS, DECEASED, ET AL., Appellees

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 2021-1518-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Andrew Walker, Jr., proceeding pro se, has filed an appeal in this Court. Upon our review of Walker's filing, we noted a potential defect in the Court's jurisdiction over the appeal.

Section 11.102 of the Texas Civil Practice and Remedies Code provides that "[a] vexatious litigant subject to a prefiling order under Section 11.101 is prohibited from filing, pro se, new litigation in a court to which the order applies without seeking the permission of . . . the local administrative judge." TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(a). Although the clerk of this Court may file an appeal from a prefiling order, the clerk "may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing." TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a), (d).

The 124th Judicial District Court of Gregg County issued its order in trial court cause number 2021-1518-B, styled *Wanda Daniels, Individually and as Personal Representative of the Estate of Carles B. Daniels, Deceased v. Highland Dallas Freight, Inc., Hana L. Kassa, and Andrew Walker, Jr.*, on April 24, 2023, prohibiting Walker from filing any new litigation in a court of this State without first obtaining permission from a local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101–.103.

By letter dated November 15, 2023, we notified Walker of this potential defect in our jurisdiction, along with another potential jurisdictional defect, namely, that Walker is attempting to appeal from an unappealable, interlocutory order. We afforded Walker the opportunity to

2

show this Court how it had jurisdiction over this appeal, including the filing of a supplemental record, if necessary. We further informed Walker that the failure to respond by November 27, 2023, would result in dismissal of this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Although Walker responded to our letter, his response failed to demonstrate proper grounds for our retention of this appeal.

We dismiss this appeal for want of jurisdiction.


Scott E. Stevens
Chief Justice


Date Submitted:     November 30, 2023
Date Decided:       December 1, 2023